**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0819n.06

No. 09-1251

|  |  |  |
|---|---|---|
| ERIC MACON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BARRY DAVIS, Warden, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**FILED**

*Dec 07, 2011*

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

BEFORE: KETHLEDGE, STRANCH, Circuit Judges; and GWIN, District Judge.[*]

Per Curiam. Eric Macon, a Michigan state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Macon is serving a sentence of life imprisonment arising out of his jury conviction in 2001 for felony murder and related firearms charges. The crime in question took place on August 14, 2000. Testimony at trial showed that, at some point that evening, Macon, the decedent, and Donald Grimmet were all at Grimmet's apartment. Grimmet testified that Macon left, and he and the decedent followed a few minutes later. After opening the door to the stairwell, the pair were accosted by Macon, who pulled a gun and ordered them to "give it up." Macon then fired a shot at Grimmet, which missed, and two shots that struck the decedent in the leg and chest.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

After unsuccessfully pursuing a direct appeal and collateral relief in the state courts, Macon filed a federal habeas corpus petition raising ten issues. The district court denied the petition. This court initially denied Macon a certificate of appealability, but on rehearing, it certified one of Macon's ten issues: whether the prosecutor denied Macon a fair trial by knowingly using perjured testimony. Counsel was appointed for Macon, and the issue has been fully briefed.

We review the denial of a petition for a writ of habeas corpus de novo. *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004). In order to establish the claim presented here, Macon is required to show that the prosecutor presented testimony that the prosecutor knew was false, and that the testimony was material. *See Akrawi v. Booker*, 572 F.3d 252, 265 (6th Cir. 2009).

Macon points to three instances of alleged perjury. First, Grimmet testified at the preliminary hearing that he did not remember the last time he saw Macon prior to the date of the crime. However, in his earlier statement to the police, Grimmet said that he had argued with Macon the day before the crime. The allegedly perjured testimony at the preliminary hearing could not have denied Macon a fair trial because it was not presented at trial. *See United States v. Angel*, 355 F.3d 462, 475 (6th Cir. 2004) (holding that alleged perjury before the grand jury was not material because it could not have affected the jury at trial).

Next, Grimmet testified that he was locked in the stairwell following the shooting and had to be let in by a neighbor. However, the neighbor testified that, when she came out into the hall to investigate the gunshots, Grimmet was walking down the hall. It is not clear that Macon properly presented this argument to the state courts. In any event, because both of these witnesses were heard by the jury, it was up to the jury to determine which witness was credible. *See, e.g., United States v. Scarborough*, 43 F.3d 1021, 1026 (6th Cir. 1994) (noting that "mere inconsistencies in testimony

by government witnesses do not establish knowing use of false testimony"). Moreover, the issue of whether the neighbor opened the stairwell door for Grimmet was not material to Macon's guilt.

Finally, Grimmet's brother, James, testified that Macon left the apartment a few minutes before Donald Grimmet and the decedent. However, in an unsworn statement he gave to the police immediately after the crime, James stated that all three men left the apartment together. Macon has not shown that the prosecutor knew or should have known that the trial testimony, as opposed to the earlier statement, was false. *See Foley v. Parker*, 488 F.3d 377, 392 (6th Cir. 2007). Just as in the case of mere inconsistencies between government witnesses, mere inconsistent statements by the same witness are insufficient to establish indisputable falsity. *See, e.g., Rosencrantz v. Lafler*, 568 F.3d 577, 585-87 (6th Cir. 2009); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

The Michigan Court of Appeals did not unreasonably apply clearly established federal law when it concluded that Macon had not demonstrated that the prosecutor knowingly presented perjured testimony. *See Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). Accordingly, the district court's judgment denying this petition for a writ of habeas corpus is affirmed.